UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

_____
                                    )
UNITED STATES OF AMERICA,           )
                                    )
                                    )
    v.                              )   CR. No. 13-153
                                    )
CRISTIAN JIMENEZ, a/k/a "Alacran,"  )
                                    )
        Defendant.                  )
_____)

## MEMORANDUM AND ORDER

WILLIAM E. SMITH, Chief Judge.

Petitioner Cristian Jimenez has filed a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (the "Motion"), (ECF No. 10).[1]  For the reasons stated below, the Motion is DENIED.[2]

---

[1] In the alternative, Jimenez seeks to set aside and vacate his sentence pursuant to Fed. R. Crim. P. 60(b)(1)-(6), which concerns the victim's rights in criminal procedures. Presumably, Jimenez meant instead to seek relief from judgment under Fed. R. Civ. P. 60(b)(1)-(6).  The Court will disregard Jimenez's mischaracterized alternate ground for relief and treat the Motion solely as a motion pursuant to 28 U.S.C. § 2255.

[2] A defendant collaterally challenging his sentence is not entitled to appointment of counsel when his claims lack complexity and merit. See Fernandez-Malave v. United States, 502 F. Supp. 2d 234, 241 (D.P.R. 2007).  Therefore, Jimenez's request to have counsel appointed (ECF No. 15) is denied. Likewise, a defendant is entitled to free transcripts only if necessary to resolve the case and if the Court certifies that his claims are not frivolous.  See 28 U.S.C. § 753(f). Therefore, Jimenez's request for transcripts (ECF No. 16) is also denied.

I.  Background

The procedural history of this case is somewhat unusual. In short, a jury convicted Jimenez of several drug-related crimes, but after a change in Department of Justice ("DOJ") policy, the government agreed to vacate the jury conviction and allow Jimenez to plead guilty to a lesser-included offense. Jimenez now seeks to set aside and vacate the sentence he received after he pled guilty to that lesser-included offense.

Jimenez was originally indicted on May 16, 2012, along with ten co-defendants. On February 26, 2013, a grand jury returned a superseding indictment against Jimenez and two other defendants. The superseding indictment charged Jimenez with one count of conspiracy to possess with intent to distribute one kilogram or more of heroin, three counts of distribution of an unknown amount of heroin, and one count of possessing a firearm in furtherance of a drug trafficking crime.

Following a one-week trial, the jury returned its verdict on June 24, 2013, finding Jimenez guilty on the drug counts but acquitting him on the firearms count. In addition to finding Jimenez guilty of conspiracy to distribute, the jury made a specific finding that it was reasonably foreseeable to Jimenez that the conspiracy involved one kilogram or more of heroin. As a result of the jury verdict, Jimenez faced a mandatory minimum

sentence of ten years incarceration. See 21 U.S.C. § 841(b)(1)(A).

Before Jimenez was sentenced, however, in August 2013, the Attorney General announced a change in the DOJ's policy on charging mandatory minimum sentences in certain drug cases. Among other things, the new policy instructs federal prosecutors to decline to charge certain non-violent, low-level drug offenders with quantities that trigger unduly harsh or disparate mandatory minimum sentences, provided that the offender meets certain criteria. See Mem. from Att'y Gen. Eric Holder to the U.S. Att'ys and Asst. Att'y Gen. for the Criminal Div. (Aug 12, 2013) (available at http://www.justice.gov/ag/smart-on-crime/ag-memo-drug-guidance.pdf).

Following this policy change, in an effort to achieve consistency in the treatment of Jimenez and his co-conspirators, the Assistant United States Attorney responsible for this case filed an Information (ECF No. 1) charging Jimenez with a lesser-included offense that carried a lower mandatory minimum sentence than Jimenez's jury conviction. Specifically, the Information charged Jimenez with conspiracy to distribute one hundred grams or more of heroin, and three counts of heroin distribution. The charges in the Information carried a mandatory minimum sentence of five years. See 21 U.S.C. § 841(b)(1)(B).

The parties subsequently entered into a plea agreement (ECF No. 2) whereby Jimenez agreed to plead guilty to the charges contained in the Information and the government agreed to vacate his conviction at trial of the more serious drug offense. The Court accepted Jimenez's guilty plea on November 11, 2013, after an extensive colloquy. On November 22, 2013, Jimenez was sentenced to 90 months incarceration and a total of four years supervised release.

Jimenez did not appeal.[3] On January 21, 2014, Jimenez filed the motion now before the Court.

## II. Discussion

Section 2255[4] allows a federal prisoner to challenge his conviction collaterally, but the grounds justifying relief are limited. Under the statute, a court may grant the petitioner relief only if the court finds a constitutional or

---

[3] In the plea agreement, Jimenez waived his right to appeal his conviction and sentence. (See Plea Agreement 7, ECF No. 2.)

[4] The statute provides in pertinent part:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a).

4

jurisdictional error, or a fundamental error of law. See, e.g., David v. United States, 134 F.3d 470, 474 (1st Cir. 1998). An error of law does not constitute grounds for relief under the statute unless it reveals a "fundamental defect" that may result in a "complete miscarriage of justice." Id. (quoting Hill v. United States, 368 U.S. 424, 428 (1962)). The burden is on the petitioner to show that he is entitled to relief. Id.

Jimenez raises several arguments to support his request for relief. First, he argues that his Sixth Amendment right to trial by jury and his right to Due Process was violated under Alleyne v. United States, 133 S. Ct. 2151 (2013). Second, Jimenez contends that his Sixth Amendment right to effective assistance of counsel was violated due to his counsel's failure to challenge the drug quantity at the sentencing stage. Third, Jimenez claims that the plea agreement was invalid because he was led to accept it by misrepresentations by his counsel. Finally, Jimenez claims that the government breached the plea agreement by not making the agreed-to recommendation as to the appropriate sentence. Jimenez's arguments are all unavailing.

A. Waiver of Right to Post-Conviction Relief

As part of the plea agreement, Jimenez waived his right to seek post-conviction relief from his conviction or sentence. A waiver of the right to collaterally challenge a sentence or conviction is valid if the waiver was clearly stated in the plea

agreement, the court sufficiently questioned the defendant to ensure the waiver was knowing and intelligent, and enforcing the waiver would not result in a miscarriage of justice. United States v. Teeter, 257 F.3d 14, 24-25 (1st Cir. 2001); see also United States v. Ciampi, 419 F.3d 20, 25-26 (1st Cir. 2005).

Here, the plea agreement clearly states that the defendant waived his right to seek collateral relief. Paragraph 11 of the plea agreement provides in pertinent part that the defendant "waives [his] right to appeal or to seek any other post-conviction relief . . . if the sentences imposed by the Court are within or below the sentencing guideline range." (Plea Agreement ¶ 11.) Jimenez's sentence of 90 months incarceration did indeed fall below the guideline range of 108 to 135 months as determined by the Court. (See Sentencing Hr'g Tr. 3, 21, Nov. 22, 2013.)

Further, the Court extensively questioned Jimenez about his understanding of the plea agreement. Jimenez affirmed that he had discussed the contents of the plea agreement with his counsel and that his counsel had been able to answer any questions Jimenez had about the plea agreement. (Change of Plea Hr'g Tr. 9-10, Nov. 12, 2013.) The Court also asked Jimenez specifically about paragraph 11 of the plea agreement, which contains the waiver, and Jimenez indicated that he understood

6

its contents. (Id. at 15-16.) This colloquy was sufficient to establish that the waiver was knowing and intelligent.[5]

Last, enforcing the waiver would not result in a miscarriage of justice. To the contrary, the plea agreement conferred a substantial benefit upon Jimenez, as it allowed him to plead guilty to a charge that would, and did in fact, result in a significantly lower sentence than he would have faced if the jury conviction had remained in force. See Ciampi, 419 F.3d at 27 (finding that enforcing a waiver contained in a plea agreement was not a miscarriage of justice when the plea agreement conferred a considerable benefit upon the defendant). Therefore, the waiver in the plea agreement precludes Jimenez from seeking relief from his conviction and sentence. However, because Jimenez's ineffective assistance of counsel claims in part challenge the validity of the plea agreement, the Court will dispose of the merits of the Motion notwithstanding the waiver.

B. Petitioner's Alleyne Claim

Jimenez argues that the Court violated his constitutional rights under Alleyne v. United States, 133 S. Ct. 2151 (2013).

---

[5] Later, at his sentencing hearing, the Court reminded Jimenez that he had waived his right to seek collateral relief, without objection from the defense. (See Sentencing Hr'g Tr. 22, Nov. 22, 2013.) Although not directly related to whether Jimenez was sufficiently questioned before he entered his plea, this further supports the conclusion that the waiver was indeed knowing and intelligent.

In Alleyne, the Supreme Court held that every fact that increases the statutory mandatory minimum sentence must be submitted to the jury and proven beyond a reasonable doubt. Id. at 2155. The defendant in Alleyne was convicted by jury verdict of using a firearm in relation to a crime of violence. Id. at 2156. His sentence was based on the additional finding, by the sentencing judge, that the defendant had brandished the weapon. Id. Because the finding of brandishing increased the statutory mandatory minimum sentence, the Alleyne Court held that it was not just a sentencing factor that could be found by the judge, but rather an element of a separate, more serious offense, and thus had to be submitted to the jury and proven beyond a reasonable doubt. Id. at 2162.

Here, Jimenez argues that there was no specific finding by the jury of the amount of drugs on which the Court based its sentence. See United States v. Colon-Solis, 354 F.3d 101, 103 (1st Cir. 2004) (holding that there must be an individualized finding of the amount of drugs foreseeable to a defendant who is involved in a drug conspiracy in order to trigger a statutory mandatory minimum sentence). Jimenez's allegation is squarely contradicted by the record. First, the jury that originally found Jimenez guilty of conspiracy to possess with intent to distribute specifically found that the amount of heroin

reasonably foreseeable to Jimenez was one kilogram or more. (See Jury Verdict Form 1, ECF No. 163 (CR. No. 12-077).)

Second, Jimenez admitted in the plea agreement that it was reasonably foreseeable to him that the conspiracy involved between one and three kilograms of heroin. (See Plea Agreement ¶ 4(1).) Further, at the change of plea hearing, Jimenez agreed under oath that the conspiracy involved one kilogram of heroin, as described in paragraph four of the plea agreement, and admitted specifically that the amount foreseeable to him personally was 100 grams or more, as set out in the Information. (See Change of Plea Hr'g Tr. 35-36.) Thus the amount of drugs that served as the basis of Jimenez's sentence was not determined by the sentencing judge; it was specifically determined by a jury and later admitted by Jimenez himself. Therefore, there was no violation of Jimenez's constitutional rights under Alleyne.

C. Ineffective Assistance of Counsel Claims

Jimenez next argues that he was denied effective assistance of counsel in violation of the Sixth Amendment. To succeed on a claim of ineffective assistance of counsel, a criminal defendant must show both that "counsel's representation fell below an objective standard of reasonableness" and that counsel's error prejudiced the defendant. Strickland v. Washington, 466 U.S.

9

668, 688, 694 (1984); accord Pena v. Dickhaut, 736 F.3d 600, 605 (1st Cir. 2013).

To satisfy the deficient performance prong of the Strickland test, the defendant must point to specific "acts or omissions of counsel" that fall below the standard of reasonableness. Strickland, 466 U.S. at 690. A court charged with evaluating counsel's conduct must be "highly deferential" and "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 689; accord Scarpa v. Dubois, 38 F.3d 1, 8 (1st Cir. 1994). To satisfy the prejudice prong, the defendant must show that counsel's errors were "sufficient to undermine confidence in the outcome." Strickland, 466 U.S. at 694.

Jimenez complains about his counsel's failure, at the sentencing stage, to contest the amount of drugs involved in the conspiracy. Jimenez argues that his counsel should have requested a lab report or an independent analysis of the drugs to ensure that the quantity had not been miscalculated for sentencing purposes. However, at the time of sentencing, the defendant had already admitted both the amount of drugs involved in the conspiracy as a whole and the amount reasonably foreseeable to him personally. Before that, a jury had specifically found the amount of drugs foreseeable to Jimenez

beyond a reasonable doubt.  Therefore, counsel did not act unreasonably by not challenging the drug quantity at sentencing.

Jimenez also argues that he was denied effective assistance of counsel because his counsel induced him to plead guilty to charges involving more drugs than the evidence supported.  The record belies his contention.  In fact, Jimenez pled guilty to charges involving a significantly <u>lower</u> amount of drugs than the evidence supported.  A jury found beyond a reasonable doubt that it was foreseeable to Jimenez that the conspiracy involved more than one kilogram of heroin, but Jimenez only pled guilty to charges involving 100 grams or more.  Because Jimenez did not in fact plead guilty to charges involving more drugs than the trial evidence supported, the allegation that his counsel induced him to do so is without foundation.

Last, Jimenez alleges that his counsel promised that he would be sentenced to less than five years incarceration if he accepted the plea agreement.  Because that promise did not materialize, Jimenez's argument goes, he received ineffective assistance of counsel.  This argument has no merit.  The plea agreement clearly states that the written agreement constitutes the entire agreement between the parties and that no other promises or inducements have been made concerning the plea. (<u>See</u> Plea Agreement ¶ 14.)  Moreover, Jimenez stated under oath, in open court, that he received no other promises besides what

11

is in the plea agreement, and that the Court, in Jimenez's own words, "cannot impose a sentence less than five years." (Change of Plea Hr'g Tr. 10, 12); see also United States v. Butt, 731 F.2d 75, 80 (1st Cir. 1984) ("[T]he presumption of truthfulness of [defendant's] Rule 11 statements will not be overcome unless the allegations in the § 2255 motion . . . include credible, valid reasons why a departure from those earlier contradictory statements is now justified."). Thus, there is no reason to believe that Jimenez's counsel promised him any less than five years imprisonment.

Altogether, Jimenez has failed to show that he received ineffective assistance of counsel in violation of the Sixth Amendment.

D. Alleged Breach of the Plea Agreement

Finally, Jimenez alleges that the government did not make the agreed-to recommendation as to the appropriate sentence, and thus breached the plea agreement. It is well established that "when a plea rests in any significant degree on a promise or agreement of the prosecutor . . . such promise must be fulfilled." See Santobello v. New York, 404 U.S. 257, 262 (1971); United States v. Rivera-Rodriguez, 489 F.3d 48, 57 (1st Cir. 2007). Prosecutors engaged in plea bargaining must follow "the most meticulous standards of both promise and performance."

Rivera-Rodriguez, 489 F.3d at 57 (quoting United States v. Riggs, 287 F.3d 221, 224 (1st Cir. 2002)).

Here, the plea agreement provided that the government would recommend a sentence within the Sentencing Guideline range. (Plea Agreement ¶ 2a.) That is exactly what the government did. The government twice asked the Court to impose a sentence of 108 months of incarceration, which is the low end of the guideline range. (See Sentencing Hr'g Tr. 8, 10.) Again, the plea agreement stated, and Jimenez agreed under oath, that there were no promises or obligations other than what appeared in the plea agreement. Because the government made the agreed-to recommendation, it did not breach its agreement with Jimenez.

III. Conclusion

Jimenez has failed to show that he is entitled to relief under 28 U.S.C. § 2255. Jimenez waived his rights to appeal and to collaterally challenge his conviction and sentence. Even if that waiver is invalid, Jimenez's arguments fail on their merits. Therefore, the Motion is DENIED.

RULING ON CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11(a) of the Rules Governing Section 2255 Proceedings in the United States District Courts, this Court hereby finds that this case is not appropriate for the issuance of a certificate of appealability because Jimenez has failed to

make a substantial showing of the denial of a constitutional right, as required by 28 U.S.C. § 2255(c)(2).

Jimenez is advised that any motion to reconsider this ruling will not extend the time to file a notice of appeal. <u>See</u> Rule 11(a), Rules Governing Section 2255 Proceedings.

IT IS SO ORDERED.

/s/ William E. Smith
_____
William E. Smith
Chief Judge
Date: July 10, 2014